# UNITED STATES DISTRICT COURT
# CENTRAL DISTRICT OF CALIFORNIA

## CIVIL MINUTES - GENERAL

| | | | |
|---|---|---|---|
| Case No. | CV 09-02130 MMM (DTBx) | Date | January 11, 2010 |

| | |
|---|---|
| Title | *Alberto Ortega v. HomEq Servicing, et al.* |

| Present: The Honorable | MARGARET M. MORROW | |
|---|---|---|
| ANEL HUERTA | | None |
| Deputy Clerk | | Court Reporter |

| Attorneys Present for Plaintiffs: | Attorneys Present for Defendants: |
|---|---|
| None | None |

**Proceedings:**   Order to Show Cause Why Action Should Not Be Remanded to State Court for Lack of Subject Matter Jurisdiction

## I.   FACTUAL AND PROCEDURAL BACKGROUND

On May 21, 2009, *pro se* plaintiff Alberto Ortega filed this action against defendants HomEq Servicing, T.D. Service Company,[1] and Does 1–25 in San Bernadino County Superior

---

[1]T.D. Service Company filed a declaration of non-monetary status in state court on June 8, 2009.  (See Notice of Removal of Action ("Notice of Removal"), Docket No. 1 (Nov. 16, 2009), ¶ 10.)  T.D. Service's filing rendered it a nominal party under California Civil Code § 2924*l*.  See *Amaro v. Option One Mortgage Corp.*, No. EDCV 08-1498-VAP (AJWx), 2009 WL 103302, *1 (C.D. Cal. Jan. 14, 2009) ("Defendant Quality Loan Services filed a 'Declaration of Nonmonetary Status' in the state court proceeding before removal, thereby transforming it, the trustee under the deed of trust, into a nominal third party, no longer required to participate in the action pursuant to California Civil Code § 2924*l*").

Court.[2]  Barclays Capital Real Estate, Inc. ("Barclays"), which does business as HomEq Servicing and was erroneously sued under that name, removed the action to this court on June 25, 2009, invoking the court's federal question jurisdiction.[3]

### A. Plaintiff's Complaint

Ortega alleges that he secured a home loan from HomeEq Servicing,[4] and that defendants are currently seeking to foreclose on his personal residence because the loan is in default.[5]  Ortega contends that the terms of the agreement were not properly explained to him, and that he did not understand the documents he signed.[6]  Further, Ortega alleges that defendants misrepresented the terms of the loan and lack standing to seek foreclosure of the property.[7]  Based on these allegations, the complaint pleads five causes of action: (1) violation of California Civil Code § 2923.6, which concerns the duty of lenders to make loan modifications under certain circumstances;[8] (2) violation of the Rosenthal Fair Debt Collection Practices Act ("RFDCPA"), California Civil Code § 1788 *et seq.*, based on attempted collection of the loan;[9] (3) violation of California Civil Code § 1572 due to fraudulent misrepresentation of the terms of the loan;[10] (4) declaratory relief that defendants lack standing to foreclose on the property because they failed to comply with the requirements of California

---

[2] Complaint, attached as Exh. 1 to Notice of Removal.

[3] Notice of Removal.  Barclays alleges that it timely removed under 28 U.S.C. § 1446(b) because it has not as yet been properly served with plaintiff's summons and complaint. (*Id.*, ¶ 3).

[4] While not discussed in the Notice of Removal, Barclays contends that HomEq was merely the loan servicer, not the actual lender.  See Defendant Barclays Capital Real Estate, Inc.'s Motion to Dismiss Plaintiff's Complaint and Expunge Lis Pendens, Docket No. 5 (Nov. 25, 2009) at 3.

[5] Complaint, ¶¶ 18–31.

[6] *Id.*

[7] *Id.*

[8] *Id.*, ¶¶ 61–71.

[9] *Id.*, ¶¶ 72–77.

[10] *Id.*, ¶¶ 78–89.

Civil Code §§ 2932.5, 2924, and California Commercial Code § 3301;[11] and (5) injunctive relief to prevent defendants from attempting to foreclose on the property.[12]

### B.   Defendant's Notice of Removal

In its notice of removal, Barclays argues that plaintiff's second and third causes of action raise federal questions sufficient to support jurisdiction under 28 U.S.C. § 1331, and that the court has supplemental jurisdiction to hear plaintiff's remaining state law claims under 28 U.S.C. § 1367.[13] Specifically, Barclays argues that plaintiff's second cause of action under the RFDCPA actually states a claim under the federal Fair Debt Collection Practices Act ("FDCPA"), 15 U.S.C. § 1692 *et seq.*, by referring to statutory provisions of the FDCPA.[14] Further, Barclays argues that plaintiff's third cause of action, alleging fraud related to disclosure of the loan's terms, "is in reality a TILA claim because it is entirely premised on alleged conduct constituting [a] violation of the federal Truth in Lending Act ('TILA')."[15] As a consequence, Barclays asserts, the court has jurisdiction to hear the case because plaintiff's right to relief depends upon an evaluation of federal law.[16]

## II.   DISCUSSION

### A.   Legal Standard Governing Removal Jurisdiction

"Except as otherwise expressly provided by Act of Congress, any civil action brought in a State court of which the district courts of the United States have original jurisdiction, may be removed by the defendant or the defendants, to the district court of the United States for the district and division embracing the place where such action is pending." 28 U.S.C. § 1441(a). "If at any time before final judgment[, however,] it appears that the district court lacks subject matter jurisdiction, the case shall be remanded." 28 U.S.C. § 1447(c).

The Ninth Circuit "strictly construe[s] the removal statute against removal jurisdiction." *Gaus v. Miles, Inc.*, 980 F.2d 564, 566 (9th Cir. 1992) (citing *Boggs v. Lewis*,

---

[11]*Id.*, ¶¶ 32–60, 90–94.

[12]*Id.*, ¶¶ 95–99.

[13]Notice of Removal, ¶ 4.

[14]*Id.*, ¶ 7.

[15]*Id.*, ¶ 8.

[16]*Id.*

3

863 F.2d 662, 663 (9th Cir. 1988), and *Takeda v. Northwestern National Life Insurance Co.*, 765 F.2d 815, 818 (9th Cir. 1985)). Thus, "[f]ederal jurisdiction must be rejected if there is any doubt as to the right of removal in the first instance." *Id.* (citing *Libhart v. Santa Monica Dairy Co.*, 592 F.2d 1062, 1064 (9th Cir. 1979)). "The 'strong presumption' against removal jurisdiction means that the defendant always has the burden of establishing that removal is proper." *Id.* (citing *Nishimoto v. Federman-Bachrach & Associates*, 903 F.2d 709, 712 n. 3 (9th Cir. 1990), and *Emrich v. Touche Ross & Co.*, 846 F.2d 1190, 1195 (9th Cir. 1988)).

Removal jurisdiction can be based on diversity of citizenship or on the existence of a federal question. *Caterpillar Inc. v. Williams*, 482 U.S. 386, 392 (1987) ("Only state-court actions that originally could have been filed in federal court may be removed to federal court by the defendant. Absent diversity of citizenship, federal-question jurisdiction is required"); see also 28 U.S.C. § 1441(b); *id.* at § 1331 (the district courts "have original jurisdiction of all civil actions arising under the Constitution, laws, or treaties of the United States").

Federal question jurisdiction is presumed to be absent unless a defendant, as the party seeking removal, shows that the plaintiff has either alleged a federal claim, *American Well Works Co. v. Layne & Bowler Co.*, 241 U.S. 257, 260 (1916), a state cause of action that requires resolution of a substantial issue of federal law, *Grable & Sons Metal Products., Inc. v. Darue Engineering & Manufacturing*, 545 U.S. 308, 313 (2005); *Franchise Tax Board v. Construction Laborers Vacation Trust*, 463 U.S. 1, 9 (1983); *Smith v. Kansas City Title & Trust Co.*, 255 U.S. 180, 199 (1921), or a state cause of action that Congress has transformed into an inherently federal claim by completely preempting the field, *Avco Corp. v. Aero Lodge No. 735*, 390 U.S. 557, 560 (1968); *Metropolitan Life Insurance Co. v. Taylor*, 481 U.S. 58, 65 (1987).

Whether one of these criteria is satisfied must be determined by reference to the "well-pleaded complaint." *Merrell Dow Pharmaceuticals, Inc. v. Thompson*, 478 U.S. 804, 808 (1986). Plaintiff is the "master[s] of the claim[s]." *Caterpillar Inc. v. Williams*, 482 U.S. 386, 392 (1987). Thus, where plaintiff can state claims under both federal and state law, he can prevent removal by ignoring the federal claim and alleging only state law claims. *Rains v. Criterion Systems, Inc.*, 80 F.3d 339, 344 (9th Cir. 1996).

There is an exception to the "well pleaded complaint" rule, however. Under the "artful pleading" doctrine, a plaintiff cannot defeat removal of a federal claim by disguising or pleading it artfully as a state law cause of action. If the claim arises under federal law, the federal court will recharacterize it and uphold removal. *Federated Department Stores, Inc. v. Moitie*, 452 U.S. 394, 398 n. 2 (1981); *Schroeder v. TransWorld Airlines, Inc.*, 702 F.2d 189, 191 (9th Cir. 1983). The artful pleading doctrine applies to "(1) complete preemption cases, and (2) substantial federal question cases." *Lippitt v. Raymond Jones Financial Services, Inc.*, 340 F.3d 1033, 1041 (9th Cir. 2003) (citations omitted). "Subsumed within this second category are those cases where the claim is necessarily federal in character, or

where the right to relief depends on the resolution of a substantial, disputed federal question." *Id.* at 1041-42 (citing *Merrill Dow Pharmaceuticals, Inc. v. Thompson*, 478 U.S. 804, 814 (1986)).

"Once an area of state law has been completely pre-empted, any claim purportedly based on that pre-empted state law is considered, from its inception, a federal claim, and therefore arises under federal law." *Caterpillar*, 482 U.S. at 393; *ARCO Environmental Remediation, L.L.C. v. Department of Health & Environmental Quality of Montana*, 213 F.3d 1108, 1114 (9th Cir. 2000) ("A state-created cause of action can be deemed to arise under federal law . . . where federal law completely preempts state law"). The complete preemption doctrine is narrowly construed. See *v. Laulo-Rowe Agency*, 994 F.2d 666, 668 (9th Cir. 1993) (calling the complete preemption doctrine a "narrow exception to the 'well-pleaded complaint rule'"); *Gatton v. T-Mobile USA, Inc.*, No. SACV 03-130 DOC, 2003 WL 21530185, *5 (C.D. Cal. Apr. 18, 2003) ("The complete preemption doctrine is, however, extremely narrow," citing *TPS Utilicom Services, Inc. v. AT & T Corp.*, 223 F.Supp.2d 1089, 1097 (C.D. Cal. 2002)). Indeed, complete preemption arises only when a federal statute has "extraordinary" preemptive force. *Metropolitan Life Insurance Co.*, 481 U.S. at 65; *Holman*, 994 F.2d at 668 ("The [complete preemption] doctrine applies in select cases where the preemptive force of federal law is so 'extraordinary' that it converts state common law claims into claims arising under federal law for purposes of jurisdiction," citing *Caterpillar*, 482 U.S. at 386). Whether or not a statute provides the exclusive cause of action for certain claims is the "dispositive question." *Beneficial National Bank v. Anderson*, 539 U.S. 1, 9 (2003); *Montes v. Homeq Servicing*, No. 02:09-cv-05871-FMC-FFCx, 2009 WL 3172712, *5 (C.D. Cal. Sept. 29, 2009) (holding that "TILA does not completely preempt state law claims . . . because it does not provide the exclusive cause of action, which is 'the dispositive question,'" quoting *Beneficial National Bank*, 539 U.S. at 9).

The artful pleading doctrine also precludes a plaintiff from preventing removal when "an issue of federal law undergirds a claim otherwise based in state law." *County of Santa Clara v. Astra USA, Inc.*, 401 F.Supp.2d 1022, 1025 (N.D. Cal. 2005).

> "Such a claim, however, may only be removed to federal court if it meets certain conditions: (1) it must raise a stated federal issue, (2) determination of the federal issue must be necessary to the resolution of the claim, (3) the federal issue must be actually disputed, (4) the federal issue must be substantial, and (5) the federal court must be able to entertain the claim 'without disturbing any congressionally approved balance of federal and state judicial responsibilities.'" *Id.* (quoting *Grable & Sons Metal Products., Inc. v. Darue Engineering & Manufacturing*, 545 U.S. 308, 314 (2005)).

In *Grable*, the Internal Revenue Service seized property from Grable after providing notice, and then sold the property to a third party. *Grable*, 545 U.S. at 310-11. In a subsequent action to quiet title in state court, Grable claimed that the third party's title was invalid

because, under his interpretation of the statute, the notice provided by the IRS did not satisfy the Internal Revenue Code. *Id.* at 311. Thus, interpretation of a federal statute was in dispute, and was indeed "the only legal or factual issue in the case." *Id*. at 315. The Supreme Court held that Grable's claim fell within the court's subject matter jurisdiction because it raised a "contested and substantial federal question" and the exercise of "federal jurisdiction [was] consistent with congressional judgment about the sound division of labor between state and federal courts." *Id.* at 313. *Grable* delineates a further narrow set of circumstances under which federal courts may assert jurisdiction over state law claims even when no federal claim is alleged.

        **B.**     **Whether Plaintiff's Claims Raise a Federal Question**

Barclays argues that Ortega's second cause of action directly asserts a federal claim under the FDCPA, despite the fact that the complaint specifically pleads a violation of the RFDCPA under California Civil Code § 1788.17.[17] Barclays also asserts that Ortega's third cause of action, alleging fraud under California Civil Code § 1572, "is wholly premised on TILA," and therefore arises under federal law.[18]

        **1.**     **Plaintiff's Second Cause of Action**

Section 1788.17 states that "[n]otwithstanding any other provision of this title, every debt collector collecting or attempting to collect a consumer debt shall comply with the provisions of Sections 1692b to 1692j, inclusive, of, and shall be subject to the remedies in Section 1692k of, Title 15 of the United States Code. See CAL. CIV. CODE § 1788.17. Ortega's complaint states that defendants violated § 1788.17 by failing to comply with several of the restrictions placed upon debt collectors as outlined in 15 U.S.C. § 1692 *et seq*. Further, Ortega seeks remedies specified is 15 U.S.C. § 1692k, as the California statute permits him to do. Based on Ortega's reference to provisions of the federal FDCPA, Barclays contends that the second cause of action is a direct federal claim.

Although Ortega's RFDCPA claim refers to federal statutes that are part of the FDCPA, such reference is inevitable as the California legislature incorporated large sections of the FDCPA into California's version of the law. See *Reyes v. Kenosian & Miele, LLP*, 525 F.Supp.2d 1158, 1165 (N.D. Cal. 2007) (outlining the California legislature's incorporation of many provisions of the FDCPA into the RFDCPA).[19] Since the provisions are incorporated

---

[17]Complaint, ¶¶ 72–77.

[18]Notice of Removal, ¶ 8.

[19]The RFDCPA did not adopt all of the provisions from the federal statute; in particular, California law uses its own definition of "debt collector." See CAL. CIV. CODE

6

in and made part of state law, reference to the federal statute does not automatically make Ortega's RFDCPA claim a federal claim. See *Cable v. Protection One, Inc.*, No. SACV 09-783 JVS (RNBx), 2009 WL 2970111 (C.D. Cal. Sept. 9, 2009) ("To whatever extent the RFDCPA imports elements of the FDCPA, it remains a state claim, and does not invoke federal policies of such significance to warrant federal question jurisdiction," citing *Grable*, 545 U.S. at 316, 318-19).

Barclays does not assert that the FDCPA completely preempts the RFDCPA, and does not identify a contested federal question involving the federal statutes incorporated into the RFDCPA that would support federal jurisdiction under the artful pleading doctrine. A claim does not present a "substantial question" of federal law merely because a federal statute is an "ingredient" of a state cause of action. Indeed, "the mere presence of a federal issue in a state cause of action does not automatically confer federal question jurisdiction." *Merrell Dow*, 478 U.S. at 813. See also *Lippitt*, 340 F.3d at 1041 (noting that the artful pleading doctrine applies to "(1) complete preemption cases, and (2) substantial federal question cases").

Accordingly, it appears that Barclays has failed to establish that plaintiff's second cause of action either directly asserts a federal claim or supports federal jurisdiction under the "artful pleading" doctrine. Therefore, the court directs defendant to show cause why the second cause of action supports the invocation of federal jurisdiction.

### 2. Plaintiff's Third Cause of Action

Ortega alleges that "Defendants and/or Defendants' predecessors" violated California Civil Code § 1572 through "misrepresentations . . . , failures to disclose, and failure to investigate . . . with the intent to induce Plaintiff to obligate himself on the Loan. . . ."[20] Barclays contends that "Plaintiff's allegations that these disclosures were not made are an attempt to state a TILA claim in the guise of a fraud claim."[21] It contends that TILA requires the specific pre-loan disclosures that Ortega contends were not made in alleging fraud. Because such disclosures are required under TILA, Barclays contends that plaintiff's third cause of action "requires the resolution of substantial questions of federal law."[22]

---

§ 1788.17 ("[S]ubsection (11) of Section 1692e and Section 1692g shall not apply to any person specified in paragraphs (A) and (B) of subsection (6) of Section 1692a of Title 15 of the United States Code or that person's principal").

[20]Complaint, ¶ 79.

[21]Notice of Removal, ¶ 8.

[22]*Id.*

Barclays fails to identify what substantial federal questions require resolution in order to address Ortega's fraud claim, does not acknowledge that one aspect of Ortega's claim alleges misrepresentation rather than non-disclosure, does not demonstrate why the issues raised by Ortega's claim must necessarily be resolved by a federal court, and does not show that a federal court can entertain the issues without disturbing the congressionally approved balance of federal and state judicial responsibilities. *Grable*, 545 U.S. at 314. To satisfy the court that it has jurisdiction, defendant must show that plaintiff's claim can *only* be resolved by interpreting federal law. See *Duncan v. Stuetzle*, 76 F.3d 1480, 1485 (9th Cir. 1996) ("[I]f a single state-law based theory of relief can be offered for each of the three causes of action in the complaint, then the exercise of removal jurisdiction was improper"). If alternative and independent state law theories support plaintiff's state law claims, the court must enforce the rule that plaintiff is the "master" of his claims and remand the case to state court. *Caterpillar*, 482 U.S. at 392; *Duncan*, 76 F.3d at 1485 ("In addition, the plaintiff is the 'master' of her case, and if she can maintain her claims on both state and federal grounds, she may ignore the federal question, assert only the state claims, and defeat removal").

Courts in this circuit have recognized the extremely limited nature of the *Grable* exception, heeding *Grable*'s warning that the presence of a federal issue is not "a password opening federal courts to any state action embracing a point of federal law." *Grable*, 545 U.S. at 314. See, e.g., *Armitage v. Deutsche Bank AG*, No. C 05-3998 PJH, 2005 WL 3095909, *4 (N.D. Cal. Nov. 14, 2005) (finding *Grable* inapposite and remanding where, *inter alia*, "interpretation of the tax issues in question is not a *necessary* part of the proceedings" (emphasis original)); see also *Baker v. BDO Seidman, L.L.P.*, 390 F.Supp.2d 919, 921 (N.D. Cal. 2005) (finding *Grable* inapposite and remanding where plaintiffs advanced two alternate and independent theories of liability, one of which allowed for resolution of plaintiffs' claims on state law grounds without the need to interpret federal law); *In re Circular Thermostat*, No. MDL C05-01673WHA, 2005 WL 2043022, *5 (N.D. Cal. Aug. 24, 2005) ("The proper inquiry, then, is whether 'some substantial, disputed question of federal law is a necessary element of one of the well-pleaded state claims.' The key word is 'necessary.' To be sure, trademark validity and defendant's alleged fraud upon the PTO will no doubt be a large part of the proceedings in these actions, but this order finds that a federal question is not a *necessary* element of plaintiffs' state claims. 'When a claim can be supported by alternative and independent theories – one of which is a state law theory and one of which is a federal law theory – federal question jurisdiction does not attach because federal law is not a necessary element of the claim.' In other words, just because an element that is essential to a particular *theory* might be governed by federal trademark law does not mean that the entire monopolization *claim* 'arises under' federal law" (citations omitted) (emphasis original)); see also *Glanton v. Harrah's Entertainment, Inc.*, 297 Fed.Appx. 685, 686 (9th Cir. Oct. 29, 2008) (Unpub. Disp.) ("Because none of Glanton's claims was created by federal law, the district court may only have subject matter jurisdiction over this case if: (1) the federal issues are essential to his claims; (2) there is a substantial federal interest in resolving such issues; and (3) a federal forum may entertain the state-law claims without disturbing the

8

balance of federal and state judicial responsibilities"). Barclays simply has not demonstrated that this high standard is met.

Barclays does not argue that TILA preempts state law fraud claims based on loan disclosures. In fact, on its face, TILA purports to have limited preemptive effect. See 15 U.S.C. § 1610 ("[P]art [A] and parts B and C of this subchapter do not annul, alter, or affect the laws of any State relating to the disclosure of information in connection with credit transactions, except to the extent that those laws are inconsistent with the provisions of this subchapter and then only to the extent of inconsistency"). This savings clause suggests that TILA does not provide the exclusive cause of action for violations of its terms, which is the dispositive question. *Barela v. Downey Savings and Loan Association*, No. CV 09-3757 AHM (PLAx), 2009 WL 2578889, *4 (C.D. Cal. Aug. 18, 2009) ("TILA itself does not provide an exclusive cause of action: it has a 'savings clause' stating that it preempts state law only if the state law is inconsistent with TILA"); *Montes v. Homeq Servicing*, No. 02:09-cv-05871-FMC-FFMx, 2009 WL 3172712, *5 (C.D. Cal. Sept. 29, 2009) ("TILA does not completely preempt state law claims . . . because it does not provide the exclusive cause of action"); see also *In re Nos Communications, MDL No. 1357*, 495 F.3d 1052, 1058 (9th Cir. 2007) (explaining that "a savings clause is fundamentally incompatible with complete field preemption; if Congress intended to preempt the entire field . . . there would be nothing left . . . to 'save,' and the provision would be mere surplusage").

In short, Barclays has yet to demonstrate that plaintiff's fraud claim "necessarily" raise substantial and disputed questions arising under TILA. See *Grable*, 545 U.S. at 314; *Glanton*, 297 Fed.Appx. at 686. Thus, the court orders defendant to show cause why why the third cause of action supports the invocation of federal jurisdiction.

### III. CONCLUSION

For the reasons stated, defendant is ordered to show cause on or before **January 19, 2010**, why this action should not be remanded to Los Angeles Superior Court for lack of subject matter jurisdiction. Should defendant fail to respond by this date, the court will remand the action to state court forthwith. Plaintiff may file a response to defendant's pleading on or before **January 25, 2009**.