# UNITED STATES DISTRICT COURT
# CENTRAL DISTRICT OF CALIFORNIA

## CIVIL MINUTES - GENERAL

| | | | |
|---|---|---|---|
| Case No. | CV 09-02130 MMM (DTBx) | Date | January 25, 2010 |

| | |
|---|---|
| Title | *Alberto Ortega v. HomEq Servicing, et al.* |

| | |
|---|---|
| Present: The Honorable | MARGARET M. MORROW |

| ANEL HUERTA | None |
|---|---|
| Deputy Clerk | Court Reporter |

| Attorneys Present for Plaintiffs: | Attorneys Present for Defendants: |
|---|---|
| None | None |

**Proceedings:** Order Remanding Action to State Court

On May 21, 2009, *pro se* plaintiff Alberto Ortega filed this action against defendants HomEq Servicing, T.D. Service Company,[1] and Does 1–25 in San Bernardino Superior Court.[2] Barclays Capital Real Estate, Inc. ("Barclays"), which does business as HomEq Servicing and was erroneously sued under that name, removed the action to this court on June

---

[1] T.D. Service Company filed a declaration of non-monetary status in the state court on June 8, 2009. (See Notice of Removal of Action ("Notice of Removal"), Docket No. 1 (Nov. 16, 2009), ¶ 10.) T.D. Service's filing rendered it a nominal party under California Civil Code § 2924*l*. See *Amaro v. Option One Mortgage Corp.*, No. EDCV 08-1498-VAP (AJWx), 2009 WL 103302, *1 (C.D. Cal. Jan. 14, 2009) ("Defendant Quality Loan Services filed a 'Declaration of Nonmonetary Status' in the state court proceeding before removal, thereby transforming it, the trustee under the deed of trust, into a nominal third party, no longer required to participate in the action pursuant to California Civil Code § 2924*l*").

[2] Notice of Removal, Exh. 1 (Complaint).

1

25, 2009, invoking the court's federal question jurisdiction.³ On January 11, 2010, the court issued an order to show cause why the action should not be remanded for lack of subject matter jurisdiction.⁴ Defendant filed a response to the order to show cause on January 19, 2010.⁵

For the reasons discussed below, the court remands the action to San Bernardino Superior Court. Consequently, the February 1, 2010 hearing on defendant's motion to dismiss is vacated and taken off calender.

## I. FACTUAL AND PROCEDURAL BACKGROUND

### A. Plaintiff's Complaint

Ortega alleges that he secured a home loan from HomeEq Servicing,⁶ and that defendants are currently seeking to foreclose on his personal residence because the loan is in default.⁷ Ortega contends that the terms of the agreement were not properly explained to him, and that he did not understand the documents he signed.⁸ Further, Ortega alleges that defendants misrepresented the terms of the loan and lack standing to seek foreclosure of the property.⁹ Based on these allegations, the complaint pleads five state law causes of action: (1) violation of California Civil Code § 2923.6, which addresses loan modifications;¹⁰

---

³Notice of Removal. Barclays alleges that it timely removed under 28 U.S.C. § 1446(b) because it has not yet been properly served with the summons and complaint. (*Id.*, ¶ 3).

⁴Order to Show Cause Why Action Should Not Be Remanded to State Court for Lack of Subject Matter Jurisdiction ("Order to Show Cause", Docket No. 8 (Jan. 11, 2010).

⁵Defendant's Response to Order to Show Cause ("Def.'s Response"), Docket No. 9 (Jan. 19, 2010).

⁶While not discussed in the notice of removal, Barclays contends that HomEq was merely the loan servicer, not the actual lender. (See Defendant Barclays Capital Real Estate, Inc.'s Motion to Dismiss Plaintiff's Complaint and Expunge Lis Pendens, Docket No. 5 (Nov. 25, 2009) at 3.)

⁷Complaint, ¶¶ 18–31.

⁸*Id.*

⁹*Id.*

¹⁰*Id.*, ¶¶ 61–71.

2

(2) violation of the Rosenthal Fair Debt Collection Practices Act ("RFDCPA"), California Civil Code § 1788 *et seq.*, based on defendant's attempted collection of the loan;[11] (3) violation of California Civil Code § 1572 due to fraudulent misrepresentation of the terms of the loan;[12] (4) declaratory relief that defendants lack standing to foreclose on the property because they failed to comply with the requirements of California Civil Code §§ 2932.5 and 2924, as well as California Commercial Code § 3301;[13] and (5) injunctive relief to prevent defendants from attempting to foreclose on the property.[14] Ortega seeks compensatory, statutory and punitive damages, as wells as declaratory and injunctive relief to prevent the sale of his property at foreclosure.[15]

### B. Defendant's Notice of Removal

In its notice of removal, Barclays alleges that plaintiff's second and third causes of action raise federal questions that support jurisdiction under 28 U.S.C. § 1331, and that the court has supplemental jurisdiction to hear plaintiff's remaining state law claims under 28 U.S.C. § 1367.[16] Specifically, Barclays contends that plaintiff's second cause of action alleging violation of the RFDCPA states a claim under the federal Fair Debt Collection Practices Act ("FDCPA"), 15 U.S.C. § 1692 *et seq.*, because it refers to the provisions of the FDCPA.[17] Barclays also asserts that plaintiff's third cause of action, which alleges fraud in the disclosure of the loan's terms, "is in reality a TILA claim because it is entirely premised on alleged conduct constituting [a] violation of the federal Truth in Lending Act ('TILA')."[18] As a consequence, Barclays asserts, the court has jurisdiction to hear the case because plaintiff's right to relief depends on an evaluation of federal law.[19]

---

[11]*Id.*, ¶¶ 72–77.

[12]*Id.*, ¶¶ 78–89.

[13]*Id.*, ¶¶ 32–60, 90–94.

[14]*Id.*, ¶¶ 95–99.

[15]*Id.* at 15–16.

[16]Notice of Removal, ¶ 4.

[17]*Id.*, ¶ 7.

[18]*Id.*, ¶ 8.

[19]*Id.*

### C.   Order to Show Cause

In the January 11, 2010 order to show cause, the court noted certain deficiencies in defendant's notice of removal.[20] It detailed why and how Barclays had not sufficiently established grounds for federal subject matter jurisdiction, and directed defendant to show why plaintiff's claims supported the invocation of federal jurisdiction. In its response, Barclays does not address its earlier assertion that plaintiff's RFDCPA claim supports federal jurisdiction. It continues to assert, however, that "Federal Question jurisdiction exists over this action because Plaintiff's state law claim for 'Fraud' is premised on allegations that constitute [a] violation of the Truth in Lending Act."[21]

## II.  DISCUSSION

### A.   Legal Standard Governing Removal Jurisdiction

The right to remove a case to federal court is entirely a creature of statute. See *Libhart v. Santa Monica Dairy Co.*, 592 F.2d 1062, 1064 (9th Cir. 1979). The removal statute, 28 U.S.C. § 1441, allows defendants to remove when a case originally filed in state court presents a federal question or is between citizens of different states and involves an amount in controversy that exceeds $75,000. See 28 U.S.C. §§ 1441(a), (b); see also 28 U.S.C. §§ 1331, 1332(a). Only state court actions that could originally have been filed in federal court may be removed. 28 U.S.C. § 1441(a); see *Caterpillar, Inc. v. Williams*, 482 U.S. 386, 392 (1987); *Ethridge v. Harbor House Rest.*, 861 F.2d 1389, 1393 (9th Cir. 1988).

Federal courts have a duty to examine their subject matter jurisdiction whether or not the parties raise the issue. See *United Investors Life Ins. Co. v. Waddell & Reed, Inc.*, 360 F.3d 960, 966 (9th Cir. 2004) ("[A] district court's duty to establish subject matter jurisdiction is not contingent upon the parties' arguments," citing *Mitchell v. Maurer*, 293 U.S. 237, 244 (1934)); see also *Attorneys Trust v. Videotape Computer Products, Inc.*, 93 F.3d 593, 594-95 (9th Cir. 1996) (lack of subject matter jurisdiction may be raised at any time by either party or by the court *sua sponte*); *Thiara v. Kiernan*, No. C06-03503 MJJ, 2006 WL 3065568, *2 (N.D. Cal. Oct. 25, 2006) ("A district court has an independent obligation to examine whether removal jurisdiction exists before deciding any issue on the merits").

Where a case has been removed, the court may remand for lack of subject matter jurisdiction at any time before final judgment. See 28 U.S.C. § 1447(c) ("If at any time before final judgment it appears that the district court lacks subject matter jurisdiction, the case

---

[20] Order to Show Cause at 6–9.

[21] Def.'s Response at 2.

shall be remanded"). The court may – indeed must – remand an action *sua sponte* if it determines that it lacks subject matter jurisdiction. See *Kelton Arms Condominium Owners Ass'n v. Homestead Ins. Co.*, 346 F.3d 1190, 1192 (9th Cir. 2003) ("[W]e have held that the district court must remand if it lacks jurisdiction," citing *Sparta Surgical Corp. v. Nat'l Ass'n Sec. Dealers, Inc.*, 159 F.3d 1209, 1211 (9th Cir. 1998)). "Except as otherwise expressly provided by Act of Congress, any civil action brought in a State court of which the district courts of the United States have original jurisdiction, may be removed by the defendant or the defendants, to the district court of the United States for the district and division embracing the place where such action is pending." 28 U.S.C. § 1441(a). "If at any time before final judgment[, however,] it appears that the district court lacks subject matter jurisdiction, the case shall be remanded." 28 U.S.C. § 1447(c).

The Ninth Circuit "strictly construe[s] the removal statute against removal jurisdiction." *Gaus v. Miles, Inc.*, 980 F.2d 564, 566 (9th Cir. 1992) (citing *Boggs v. Lewis*, 863 F.2d 662, 663 (9th Cir. 1988), and *Takeda v. Northwestern National Life Insurance Co.*, 765 F.2d 815, 818 (9th Cir. 1985)). Thus, "[f]ederal jurisdiction must be rejected if there is any doubt as to the right of removal in the first instance." *Id.* (citing *Libhart v. Santa Monica Dairy Co.*, 592 F.2d 1062, 1064 (9th Cir. 1979)). "The 'strong presumption' against removal jurisdiction means that the defendant always has the burden of establishing that removal is proper." *Id.* (citing *Nishimoto v. Federman-Bachrach & Associates*, 903 F.2d 709, 712 n. 3 (9th Cir. 1990), and *Emrich v. Touche Ross & Co.*, 846 F.2d 1190, 1195 (9th Cir. 1988)).

Federal question jurisdiction is presumed to be absent unless a defendant, as the party seeking removal, shows that the plaintiff has either alleged a federal claim, *American Well Works Co. v. Layne & Bowler Co.*, 241 U.S. 257, 260 (1916), a state cause of action that requires resolution of a substantial issue of federal law, *Grable & Sons Metal Products., Inc. v. Darue Engineering & Manufacturing*, 545 U.S. 308, 313 (2005); *Franchise Tax Board v. Construction Laborers Vacation Trust*, 463 U.S. 1, 9 (1983); *Smith v. Kansas City Title & Trust Co.*, 255 U.S. 180, 199 (1921), or a state cause of action that Congress has transformed into an inherently federal claim by completely preempting the field, *Avco Corp. v. Aero Lodge No. 735*, 390 U.S. 557, 560 (1968); *Metropolitan Life Insurance Co. v. Taylor*, 481 U.S. 58, 65 (1987).

Whether one of these criteria is satisfied must be determined by reference to the "well-pleaded complaint." *Merrell Dow Pharmaceuticals, Inc. v. Thompson*, 478 U.S. 804, 808 (1986). Plaintiff is the "master[s] of the claim[s]." *Caterpillar Inc. v. Williams*, 482 U.S. 386, 392 (1987). Thus, where plaintiff can state claims under both federal and state law, he can prevent removal by ignoring the federal claim and alleging only state law claims. *Rains v. Criterion Systems, Inc.*, 80 F.3d 339, 344 (9th Cir. 1996).

There is an exception to the "well pleaded complaint" rule, however. Under the "artful pleading" doctrine, a plaintiff cannot defeat removal of a federal claim by disguising or

5

pleading it artfully as a state law cause of action. If the claim arises under federal law, the federal court will recharacterize it and uphold removal. *Federated Department Stores, Inc. v. Moitie*, 452 U.S. 394, 398 n. 2 (1981); *Schroeder v. TransWorld Airlines, Inc.*, 702 F.2d 189, 191 (9th Cir. 1983). The artful pleading doctrine applies to "(1) complete preemption cases, and (2) substantial federal question cases." *Lippitt v. Raymond Jones Financial Services, Inc.*, 340 F.3d 1033, 1041 (9th Cir. 2003) (citations omitted). "Subsumed within this second category are those cases where the claim is necessarily federal in character, or where the right to relief depends on the resolution of a substantial, disputed federal question." *Id.* at 1041-42 (citing *Merrill Dow Pharmaceuticals, Inc. v. Thompson*, 478 U.S. 804, 814 (1986)).

"Once an area of state law has been completely pre-empted, any claim purportedly based on that pre-empted state law is considered, from its inception, a federal claim, and therefore arises under federal law." *Caterpillar*, 482 U.S. at 393; *ARCO Environmental Remediation, L.L.C. v. Department of Health & Environmental Quality of Montana*, 213 F.3d 1108, 1114 (9th Cir. 2000) ("A state-created cause of action can be deemed to arise under federal law . . . where federal law completely preempts state law"). The complete preemption doctrine is narrowly construed. See *v. Laulo-Rowe Agency*, 994 F.2d 666, 668 (9th Cir. 1993) (calling the complete preemption doctrine a "narrow exception to the 'well-pleaded complaint rule'"); *Gatton v. T-Mobile USA, Inc.*, No. SACV 03-130 DOC, 2003 WL 21530185, *5 (C.D. Cal. Apr. 18, 2003) ("The complete preemption doctrine is, however, extremely narrow," citing *TPS Utilicom Services, Inc. v. AT & T Corp.*, 223 F.Supp.2d 1089, 1097 (C.D. Cal. 2002)). Indeed, complete preemption arises only when a federal statute has "extraordinary" preemptive force. *Metropolitan Life Insurance Co.*, 481 U.S. at 65; *Holman*, 994 F.2d at 668 ("The [complete preemption] doctrine applies in select cases where the preemptive force of federal law is so 'extraordinary' that it converts state common law claims into claims arising under federal law for purposes of jurisdiction," citing *Caterpillar*, 482 U.S. at 386). Whether or not a statute provides the exclusive cause of action for certain claims is the "dispositive question." *Beneficial National Bank v. Anderson*, 539 U.S. 1, 9 (2003); *Montes v. Homeq Servicing*, No. 02:09-cv-05871-FMC-FFCx, 2009 WL 3172712, *5 (C.D. Cal. Sept. 29, 2009) (holding that "TILA does not completely preempt state law claims . . . because it does not provide the exclusive cause of action, which is 'the dispositive question,'" quoting *Beneficial National Bank*, 539 U.S. at 9).

The artful pleading doctrine also precludes a plaintiff from preventing removal when "an issue of federal law undergirds a claim otherwise based in state law." *County of Santa Clara v. Astra USA, Inc.*, 401 F.Supp.2d 1022, 1025 (N.D. Cal. 2005).

"Such a claim, however, may only be removed to federal court if it meets certain conditions: (1) it must raise a stated federal issue, (2) determination of the federal issue must be necessary to the resolution of the claim, (3) the federal issue must be actually disputed, (4) the federal issue must be substantial, and (5) the federal court must be

6

able to entertain the claim 'without disturbing any congressionally approved balance of federal and state judicial responsibilities.'" *Id.* (quoting *Grable & Sons Metal Products., Inc. v. Darue Engineering & Manufacturing*, 545 U.S. 308, 314 (2005)).

In *Grable*, the Internal Revenue Service seized property from Grable after providing notice, and then sold the property to a third party. *Grable*, 545 U.S. at 310-11. In a subsequent action to quiet title in state court, Grable claimed that the third party's title was invalid because, under his interpretation of the statute, the notice provided by the IRS did not satisfy the Internal Revenue Code. *Id.* at 311. Thus, interpretation of a federal statute was in dispute, and was indeed "the only legal or factual issue in the case." *Id.* at 315. The Supreme Court held that Grable's claim fell within the court's subject matter jurisdiction because it raised a "contested and substantial federal question" and the exercise of "federal jurisdiction [was] consistent with congressional judgment about the sound division of labor between state and federal courts." *Id.* at 313. *Grable* delineates a narrow set of circumstances under which federal courts may assert jurisdiction over state law claims even when no federal claim is alleged.

### B. Whether Plaintiff's Claims Raise a Federal Question

In its notice of removal, Barclays asserts that Ortega's second cause of action directly asserts a federal claim under the FDCPA, despite the fact that the complaint specifically alleges a violation of the RFDCPA, California Civil Code § 1788.17.[22] Barclays also contends that Ortega's third cause of action, which alleges fraud under California Civil Code § 1572, "is wholly premised on TILA," and therefore arises under federal law.[23] As noted, Barclays' response to the court's order to show cause does not address the RFDCPA claim. For the sake of completeness, however, and because it is alleged as a basis for jurisdiction in Barclays' notice of removal, the court considers it herein.

#### 1. Plaintiff's Second Cause of Action

Section 1788.17 states that "[n]otwithstanding any other provision of this title, every debt collector collecting or attempting to collect a consumer debt shall comply with the provisions of Sections 1692b to 1692j, inclusive, of, and shall be subject to the remedies in Section 1692k of, Title 15 of the United States Code." See CAL. CIV. CODE § 1788.17. Ortega's complaint alleges that defendants violated § 1788.17 by failing to comply with several of the restrictions placed on debt collectors in 15 U.S.C. § 1692 *et seq*. Ortega seeks the remedies specified in 15 U.S.C. § 1692k as the California statute permits him to do.

---

[22]Complaint, ¶¶ 72–77.

[23]Notice of Removal, ¶ 8.

Based on Ortega's reference to certain provisions of the FDCPA, Barclays contends that the second cause of action is a direct federal claim.

Although Ortega's RFDCPA claim references federal statutes that are part of the FDCPA, such references are inevitable as the California legislature incorporated portions of the FDCPA into its law. See *Reyes v. Kenosian & Miele, LLP*, 525 F.Supp.2d 1158, 1165 (N.D. Cal. 2007) (outlining the California legislature's incorporation of many provisions of the FDCPA into the RFDCPA).[24] Since the provisions are incorporated in and made part of state law, referencing the federal statute does not automatically transform Ortega's RFDCPA claim into a federal claim. See *Cable v. Protection One, Inc.*, No. SACV 09-783 JVS (RNBx), 2009 WL 2970111 (C.D. Cal. Sept. 9, 2009) ("To whatever extent the RFDCPA imports elements of the FDCPA, it remains a state claim, and does not invoke federal policies of such significance to warrant federal question jurisdiction," citing *Grable*, 545 U.S. at 316, 318-19). See also See *Britz v. Cowan*, 192 F.3d 1101, 1103 (7th Cir. 1999) (Posner, J.) ("[A] state cannot expand federal jurisdiction by deciding to copy a federal law. David P. Currie, FEDERAL JURISDICTION IN A NUTSHELL 101-02 (3d ed. 1990). If it incorporates federal law into state law and then gets the federal law wrong, it has made a mistake of state law"); *Nuclear Engineering Co. v. Scott*, 660 F.2d 241, 249 (7th Cir. 1981) (holding that an action brought under the Illinois Environmental Protection Act ("IEPA") could not be removed to federal court based on federal question jurisdiction, since the IEPA's incorporation of federal law to supply the definition of "hazardous waste," and to enumerate certain prohibited acts "does not fairly allow Illinois' state law claims to be construed as essentially federal in character"); *Indiana Voluntary Firemen's Ass'n, Inc. v. Pearson*, 700 F.Supp. 421, 433 n. 9 (S.D. Ind. 1988) (finding that the Indiana tax law's definition "of the term 'charitable organization' as being 'any organization described in Section 501 of the federal Internal Revenue Code,'" was not an unconstitutional delegation of legislative authority, but simply a permissible form of "legislative shorthand")

In its notice of removal, Barclays does not assert that the FDCPA completely preempts the RFDCPA, and does not identify a contested federal question involving the federal statutes incorporated into the RFDCPA that would support federal jurisdiction under the artful pleading doctrine. A claim does not present a "substantial question" of federal law merely because a federal statute is an "ingredient" of a state cause of action. Indeed, "the mere presence of a federal issue in a state cause of action does not automatically confer federal question jurisdiction." *Merrell Dow*, 478 U.S. at 813. See also *Lippitt*, 340 F.3d at 1041

---

[24]The RFDCPA did not adopt all of the provisions from the federal statute; in particular, California law uses its own definition of "debt collector." See CAL. CIV. CODE § 1788.17 ("[S]ubsection (11) of Section 1692e and Section 1692g shall not apply to any person specified in paragraphs (A) and (B) of subsection (6) of Section 1692a of Title 15 of the United States Code or that person's principal").

8

(noting that the artful pleading doctrine applies to "(1) complete preemption cases, and (2) substantial federal question cases").

As the court noted in its order to show cause, Barclays' notice of removal fails to establish that plaintiff's second cause of action either directly asserts a federal claim or supports federal jurisdiction under the "artful pleading" doctrine. Because Barclays has not addressed this issue in its response to the court's order, the court finds that it has not met its burden of demonstrating that it can invoke federal jurisdiction on the basis of plaintiff's second cause of action.

### 2. Plaintiff's Third Cause of Action

Ortega alleges that "Defendants and/or Defendants' predecessors" violated California Civil Code § 1572 through "misrepresentations . . . , failures to disclose, and failure to investigate . . . with the intent to induce Plaintiff to obligate himself on the Loan. . . ."[25] In its notice of removal, Barclays contends that "Plaintiff's allegations that . . . disclosures were not made are an attempt to state a TILA claim in the guise of a fraud claim."[26] It argues that TILA requires the specific pre-loan disclosures that Ortega contends were not made. Because such disclosures are required under TILA, Barclays contends that plaintiff's third cause of action "requires the resolution of substantial questions of federal law."[27] As noted in the court's order to show cause, however, Barclays' notice of removal fails to identify what substantial federal questions must be resolved to decide Ortega's fraud claim. It does not acknowledge that Ortega alleges misrepresentations in addition to non-disclosures. Nor does it demonstrate why the issues raised by Ortega's claim must necessarily be resolved by a federal court, or show that a federal court can entertain the issues without disturbing the congressionally approved balance of federal and state judicial responsibilities.[28] *Grable*, 545 U.S. at 314.

In its response to the court's order, Barclays largely repeats the allegations contained in its notice of removal, and does not directly address the concerns set forth in the order to show cause. Although it vaguely references the artful pleading doctrine, Barclays does not articulate whether its argument for removal under that doctrine is based on preemption or an underlying "contested and substantial federal question" as outlined in *Grable*. *Id*. at 312-14. Instead, Barclays broadly suggests that Ortega's claim "arises under" federal law because

---

[25]Complaint, ¶ 79.

[26]Notice of Removal, ¶ 8.

[27]*Id*.

[28]Order to Show Cause at 8.

(1) the facts alleged could support a claim under TILA and (2) the rescission relief sought is available under TILA.[29]  While Barclays is correct that Ortega could state a claim under TILA, Ortega is the "master of [his] claim," and he has not chosen to do so.  *Caterpillar*, 482 U.S. at 392.  To establish federal question jurisdiction, defendant must show that plaintiff's claim can *only* be resolved by interpreting federal law.  See *Duncan v. Stuetzle*, 76 F.3d 1480, 1485 (9th Cir. 1996) ("[I]f a single state-law based theory of relief can be offered for each of the three causes of action in the complaint, then the exercise of removal jurisdiction was improper"). If alternative and independent state law theories support plaintiff's state law claims, the court must enforce the rule that plaintiff has exclusive control over which claims to assert and remand the case to state court.  *Id.* ("In addition, the plaintiff is the 'master' of her case, and if she can maintain her claims on both state and federal grounds, she may ignore the federal question, assert only the state claims, and defeat removal").

Although it implies that federal jurisdiction exists because of TILA's preemptive effect,[30] Barclays does not directly contend that TILA preempts state law fraud claims concerning loan disclosures.  In fact, on its face, TILA has limited preemptive effect.  See 15 U.S.C. § 1610 ("[P]art [A] and parts B and C of this subchapter do not annul, alter, or affect the laws of any State relating to the disclosure of information in connection with credit transactions, except to the extent that those laws are inconsistent with the provisions of this subchapter and then only to the extent of inconsistency").  This savings clause indicates that TILA does not provide an exclusive cause of action for violation of its terms.  This, of course, is the dispositive question.  *Barela v. Downey Savings and Loan Association*, No. CV 09-3757 AHM (PLAx), 2009 WL 2578889, *4 (C.D. Cal. Aug. 18, 2009) ("TILA itself does not provide an exclusive cause of action: it has a 'savings clause' stating that it preempts state law only if the state law is inconsistent with TILA"); *Montes v. Homeq Servicing*, No. CV 09-05871 FMC (FFMx), 2009 WL 3172712, *5 (C.D. Cal. Sept. 29, 2009) ("TILA does not completely preempt state law claims . . . because it does not provide the exclusive cause of action"); see also *In re Nos Communications, MDL No. 1357*, 495 F.3d 1052, 1058 (9th Cir. 2007) (explaining that "a savings clause is fundamentally incompatible with complete field preemption; if Congress intended to preempt the entire field . . . there would be nothing left

---

[29]Def.'s Response at 2–5.  The complaint does not specifically seek rescission of the loan agreement, although defendant interprets Ortega's prayer for declaratory relief regarding the rights of the parties as a claim for rescission.  *(Id.* at 4–5.)

[30]Def.'s Response at 2.  Although it does not directly discuss TILA's preemptive effect, Barclays frequently cites *Franchise Tax Bd. v. Construction Laborers Vacation Trust*, 463 U.S. 1, 22–28 (1983), superseded by statute as stated in *Morda v. Klein*, 865 F.2d 782, 783 (6th Cir. 1989).  *Franchise Tax Bd.* focused on the preemptive scope of the Employee Retirement Income Security Act of 1974 ("ERISA"), 29 U.S.C. §§ 1001 *et seq.*

. . . to 'save,' and the provision would be mere surplusage"). Accordingly, there is no support for Barclays' vague suggestion that TILA preempts Ortega's state law fraud claim.[31]

Nor has Barclays demonstrated that the issues raised by Ortega's fraud claim must necessarily be resolved by a federal court or that a federal court can entertain the issues without disturbing the congressionally approved balance between federal and state judicial responsibilities. *Grable*, 545 U.S. at 314. Courts in this circuit have recognized the extremely limited nature of the *Grable* exception, heeding *Grable*'s warning that the presence of a federal issue is not "a password opening federal courts to any state action embracing a point of federal law." *Grable*, 545 U.S. at 314. See, e.g., *Armitage v. Deutsche Bank AG*, No. C 05-3998 PJH, 2005 WL 3095909, *4 (N.D. Cal. Nov. 14, 2005) (finding *Grable* inapposite and remanding where, *inter alia*, "interpretation of the tax issues in question is not a *necessary* part of the proceedings" (emphasis original)); see also *Baker v. BDO Seidman, L.L.P.*, 390 F.Supp.2d 919, 921 (N.D. Cal. 2005) (finding *Grable* inapposite and remanding where plaintiffs advanced two alternate and independent theories of liability, one of which allowed for resolution of plaintiffs' claims on state law grounds without the need to interpret federal law); *In re Circular Thermostat*, No. MDL C05-01673WHA, 2005 WL 2043022, *5 (N.D. Cal. Aug. 24, 2005) ("The proper inquiry, then, is whether 'some substantial, disputed question of federal law is a necessary element of one of the well-pleaded state claims.' The key word is 'necessary.' To be sure, trademark validity and defendant's alleged fraud upon the PTO will no doubt be a large part of the proceedings in these actions, but this order finds that a federal question is not a *necessary* element of plaintiffs' state claims. 'When a claim can be supported by alternative and independent theories – one of which is a state law theory and one of which is a federal law theory – federal question jurisdiction does not attach because federal law is not a necessary element of the claim.' In other words, just because an element that is essential to a particular *theory* might be governed by federal trademark law does not mean that the entire monopolization *claim* 'arises under' federal law" (citations omitted) (emphasis original)); see also *Glanton v. Harrah's Entertainment, Inc.*, 297 Fed.Appx. 685, 686 (9th Cir. Oct. 29, 2008) (Unpub. Disp.) ("Because none of Glanton's claims was created by federal law, the district court may only have subject matter jurisdiction over this case if: (1) the federal issues are essential to his claims; (2) there is a substantial federal interest in resolving such issues; and (3) a federal forum may entertain the state-law claims without disturbing the balance of federal and state judicial responsibilities"). Barclays simply has not demonstrated that this high standard is met. While Ortega may point to TILA to demonstrate that facts that were allegedly not disclosed were material, no question of federal law need be

---

[31]Although Barclays cites *Pantoja v. Countrywide Home Loans, Inc.*, 640 F.Supp.2d 1177, 1183 (N.D. Cal. 2009), in support of its argument, the case concerned a motion to dismiss, and only briefly referenced a prior decision denying remand. The only pertinent reference states that "the Court denied Plaintiff's Motion [for remand] on the ground that Plaintiff's equitable relief hinges on Defendants' compliance with the federal Truth in Lending Act. . . ." *Id*. Because this brief mention provides little insight regarding the basis upon which the court declined to remand, and no published or unpublished version of the remand order has been cited or appears to be available, the court finds the reference unpersuasive.

resolved to decide whether this argument is correct. See, e.g., *Vyshnevsky v. Park Ridge Oldsmobile*, No. 02 C 6173, 2003 WL 21518568, *1 (N.D. Ill. July 2, 2003) ("As noted in the Court's Order of November 6, 2002, however, no claim was alleged under the Civil liability provisions of TILA. The complaint only alleged state law fraud claims. Further, in granting the plaintiffs' motion to remand, the Court explained that other courts had rejected the claim that actions arise under federal law simply because TILA is mentioned to satisfy the unlawful prong of state law fraud claims. Thus, the argument that removal based on TILA was based on a good faith reading of the complaint is untenable"); *Greer v. MAJR Financial Corp.*, 105 F.Supp.2d 583, 591-92 (S.D. Miss. 2000) ("The question, then, is whether plaintiffs' claims, or any of them, although pled as state law claims, must nevertheless be deemed to arise under [TILA] for the reason that plaintiffs' claims, while not completely preempted by federal law, are not (or may not be) viable under state law [because there is no common law duty to make the disclosures mandated by TILA] and [plaintiffs] can succeed only upon proof of a violation of federal law. In the court's opinion, the answer to this question must be no").

In short, Barclays has not demonstrated that plaintiff's fraud claim "necessarily" raises substantial and disputed questions under TILA. See *Grable*, 545 U.S. at 314; *Glanton*, 297 Fed.Appx. at 686. For this reason, plaintiff's third cause of action does not support the invocation of federal jurisdiction.

### III.  CONCLUSION

For the foregoing reasons, the court remands forthwith this action to San Bernardino Superior Court.